ALPHEUS McCRACKEN

*v.*

THOMAS B. HARNED.

[Filed December 14th, 1899.]

1. To a bill in equity, seeking an accounting for specified sums of money and property, a claim for unliquidated damages for services rendered cannot be 'set off.

2. The fact that an attorney has a lien on money in his hands does not free him from liability to account to his client therefor.

3. Where complainant is entitled to an accounting, and unliquidated damages are sought to be set off, the practice in this state is to suspend the enforcement of the decree until the defendant has opportunity to establish his set-off' at law.

On bill, answer and proofs.

This bill is filed by the complainant, praying that an account may be taken of the collection of certain promissory notes of the complainant, the proceeds whereof the complainant alleges came to the hands of the defendant. The complainant, the owner of the notes, placed them in the hands of Philadelphia attorneys, who collected several of them and made two separate remittances to the defendant, as general counsel for the complainant. The uncollected notes were also returned to the defendant. The latter paid over to the complainant the first remittance of the proceeds from the collection of the notes, but has retained other moneys since collected, and also has the uncollected notes in his possession.

The defendant denies that any application has been made to him for the moneys remaining in his possession or for the return of the uncollected notes; denies that he has refused to account, and alleges that he was the general counsel for the complainant, and at his solicitation went with him to the Philadelphia attorneys, to place the notes in their hands for collection.

He sets forth in his answer a letter from the Philadelphia attorneys to the complainant, in the nature of a report by them of the promissory notes, their collections and remittances, stating, " We have collected and account for to you the following claims," here stating the collected claims, the net receipts whereof were forwarded to the defendant for the complainant.

The defendant also sets forth another letter from the Philadelphia attorneys to the complainant, purporting to account to him for other collections of the notes owned by the complainant, showing a balance which is put under the item, " Check herewith, $230.24." The defendant then alleges that the Philadelphia attorneys " then paid the balance, to wit, $230.24, so due the complainant, to this defendant, and also handed to this defendant, as counsel for said complainant, the uncollected promissory notes." The defendant then sets up that the complainant is indebted to him for legal services in the sum of $2,500 and that he had retained the $230.24 on account of the services so rendered, and he tenders the return of the uncollected notes.

*Mr. Horace F. Nixon*, for the complainant.

*Mr. John F. Harned*, for the defendant.

Grey, V. C.

The admissions of the answer and the proofs show that the defendant received all of the accounting by the Philadelphia attorneys and also the payment of the moneys collected, and the delivery of the uncollected notes, for the complainant, and that he turned over to the latter a portion of the cash received for him, thus acknowledging his liability to account to the complainant for moneys derived from the collection of the notes. There is neither allegation nor proof that the defendant has in fact fully accounted to the complainant for these moneys and notes so by him received. The setting up of the claim of a right to retain these moneys, is of itself a showing that the defendant asserts a right in the fund in his hands. There is sufficient evidence to show that the complainant demanded an

McCracken *v.* Harned.

account. He has received none, except so far as the copy of the letter written by the Philadelphia attorneys to the defendant might be deemed an account. But it will be noticed, that although the letters were addressed to the complainant, the moneys collected and the notes were not turned over to him by the Philadelphia attorneys but to the defendant, by whom part of these moneys were paid over to the complainant. The defendant still has the notes and also a portion of these collections, amounting to something over $200, which he claims the right to retain for services, &c.

The claim set up by the defendant for counsel fees is not a sum certain, nor is it averred or proved under any express contract, nor by any other mode which fixes the amount due to the defendant as a liquidated sum. What the defendant claims is, by way of set-off or counter-claim, a payment in the nature of compensation for services rendered. Neither the services nor the claimed compensation are of a definite character. No judgment at law has established a right to this compensation or fixed the amount thereof, so that by this defence the defendant sets up in response to a clear liability to account for moneys and property in his hands, a claim that unliquidated damages shall be allowed to him by way of set-off.

Whether the defendant is in fact entitled to have allowed to him such unliquidated damages as he sets up in his answer, is a matter which the court of appeals has declared must be determined at law. *Trotter* v. *Heckscher, 13 Stew. Eq. 612; Alpaugh* v. *Wood, 18 Stew. Eq. 153.* In the latter case the court of appeals declared that " a purely legal demand for unliquidated damages is not cognizable in a court of equity."

It should be noted that this is a denial that this court has judicial power to consider a legal demand for unliquidated damages by way of set-off, and that the declaration was made in a cause wherein equitable jurisdiction on other grounds had concededly attached. A decree was made for an accounting and discovery, but it appearing that the defendant's counter-claim could have been recouped if there had been a suit at law, the court of appeals declared that the proper course would be to

suspend the enforcement of the decree in equity for the accounting until an opportunity should be afforded to the other party to test, by an action at law, the validity of the counter-claim which they had set up.

The defendant contends that he has an attorney's lien upon the money and the notes in his'hands, but even if he has such lien, he is not thereby freed from liability to account for the property of the complainant which he has received, as he admits, as complainant's counsel.

The complainant in this case is entitled to an accounting. A decree will be advised accordingly, but with a clause suspending its enforcement until an opportunity shall have been afforded to the defendant to establish at law his right to compensation touching the matters set up in his answer by way of set-off.